676 P.2d 253

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Joseph M. BROWN,**
**Defendant-Appellant.**

**No. 14713.**

Supreme Court of New Mexico.

Jan. 13, 1984.

Winston Roberts-Hohl, Santa Fe, John M. Caraway, Carlsbad, for defendant-appellant.

Paul Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

STOWERS, Justice.

The defendant, Joseph M. Brown, was tried by jury and convicted in the district court of Lea County for one count of first degree murder and one count of criminal sexual penetration in the first degree.

From this conviction defendant appeals. We affirm.

The issues on appeal are:

1. Whether the defendant's convictions are supported by substantial evidence;

2. Whether the trial court erred in allowing eyewitnesses to testify, despite allegations that the witnesses had motives to falsify their testimony; and

3. Whether the trial court abused its discretion by admitting photographs of the victim into evidence.

The facts of this case have been set out in detail in *State v. Case*, 100 N.M. ——, 676 P.2d 241 (1984).

**Substantial Evidence.**

The defendant argues that his convictions were not based upon evidence sufficient to convince a rational trier of fact that the defendant was guilty beyond a reasonable doubt. The defendant asserts that his convictions were based on circumstantial evidence and that the New Mexico rule requires clarification. The defendant asserts that New Mexico currently recognizes two standards for the review of circumstantial evidence. Citing *State v. Sanchez*, 98 N.M. 428, 649 P.2d 496 (Ct.App.), *cert. denied*, 98 N.M. 478, 649 P.2d 1391 (1982), the defendant claims that standard of review is:

[W]hether a jury could reasonably find that the circumstantial evidence is inconsistent with every reasonable hypothesis of innocence.

*Id.* 98 N.M. at 430, 649 P.2d at 498 (citations omitted).

The defendant claims this standard is inconsistent with the earlier case of *State v. Adams*, 89 N.M. 737, 557 P.2d 586 (Ct. App.), *cert. denied*, 90 N.M. 7, 558 P.2d 619 (1976) which states that:

The circumstantial evidence rule is no more than a special application of the rule concerning reasonable doubt. It "is not a concept independent of the question of whether there is substantial evidence to support the verdict." (citation omitted) A verdict in a criminal case will not be set aside if supported by substantial evidence; the fact that the evidence is circumstantial does not alter this approach. (citation omitted)

*Id.* 89 N.M. at 740, 557 P.2d at 589.

■ The defendant, however, fails to note that this Court definitively addressed this issue in *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977), wherein we stated that the traditional distinctions between direct and circumstantial evidence have been abolished. *See generally* NMSA 1978, UJI Crim. 40.00 and 40.01, Use Notes and Committee Commentary (Repl.Pamp.1982). The only test recognized by this Court to test the sufficiency of evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction. *State v. Carter*, 93 N.M. 500, 601 P.2d 733 (Ct.App.), *cert. denied* 93 N.M. 683, 604 P.2d 821 (1979); *see Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We therefore must determine in the present case whether substantial evidence exists to support jury's verdict.

■ The defendant argues that there was a failure of proof that the decedent died as a result of injuries inflicted by the defendant on January 1, 1982. We do not agree. The jury had substantial evidence from which it could conclude that the defendant's actions caused or contributed to the victim's death. The defendant was an active participant in subduing the victim. One eyewitness testified that he saw the defendant strike the victim on the head with an object. Another witness testified that following the attack on the victim, the defendant with two co-defendants dragged the victim's motionless body down toward the river, apparently to the area where it was found. The jury could therefore also have found that the defendant contributed to the victim's death by abandoning her injured, helpless and unconscious on a winter night. *Cf. State v. Martin*, 53 N.M. 413, 209 P.2d 525 (1949). Moreover, the jury was properly instructed that it could find the defendant guilty of felony murder if it found that the defendant caused the victim's death during his commission or attempt to commit criminal sexual penetration. The jury was further instructed that, if the acts of two or more persons contributed to cause death, each such act was to be considered a cause of death. NMSA 1978, UJI Crim. 2.50 (Repl.Pamp.1982). The defendant made no objection to the latter instruction. *See State v. Bell*.

■ Evidence must be viewed in the light most favorable to the jury's verdict. *State v. Tovar*, 98 N.M. 655, 651 P.2d 1299 (1982). We find there is substantial evidence to support the jury's verdict that the defendant was guilty of first degree murder.

The defendant also claims that there was a failure of proof of penetration to support a conviction of criminal sexual penetration. The defendant contends that no witness actually saw him penetrate the victim, and asserts that the evidence does not justify such an inference. We do not agree.

■ The record reveals that the defendant and others discussed raping the victim. There was evidence that the defendant assisted two co-defendants in forcibly removing the victim's clothing and then each in turn removed their pants and laid on top of the victim's unclothed body. From this

testimony, we find that the jury reached a reasonable conclusion that the defendant did penetrate the victim. Any amount of penetration is sufficient to complete the crime. NMSA 1978, § 30–9–11; NMSA 1978, UJI Crim. 9.84 (Repl.Pamp.1982).

The evidence must be viewed in the light most favorable to the jury's verdict, and all reasonable inferences must be allowed in support thereof. *State v. Tovar.* A material fact may be proven by inference. *See State v. Kenard*, 88 N.M. 107, 537 P.2d 1003 (Ct.App.), *cert. denied* 88 N.M. 318, 540 P.2d 248 (1975); *cert. denied* 423 U.S. 1024, 96 S.Ct. 468, 46 L.Ed.2d 398 (1975). The jury could have reasonably made such an inference. Viewing the record as a whole, we find there was substantial evidence introduced to allow the jury to find that the defendant committed criminal sexual penetration.

### Testimony of Eyewitnesses.

The defendant argues that he was denied a fair trial due to the conditions under which Paul Dunlap (Dunlap) and Bobby Autrey (Autrey) testified. Dunlap and Autrey were eyewitnesses to the attack on the victim. Dunlap had been granted immunity conditioned upon his truthfulness. NMSA 1978, § 31–6–15 (Cum.Supp.1983). Autrey had been granted use immunity for the defendant's preliminary hearing, but was not testifying under any grant of immunity at the trial.

A witness having personal knowledge of relevant matters is competent. NMSA 1978, Evid.R. 601 and 602 (Repl.Pamp.1983). Matters affecting the witness's bias or motive to testify falsely are to be attacked through cross-examination, rather than the exclusion of a witness. The credibility of witnesses is to be determined by the trier of the facts. *State v. Williams*, 78 N.M. 431, 432 P.2d 396 (1967); *State v. Holly*, 79 N.M. 516, 445 P.2d 393 (Ct.App.1968). In the present case, the defendant fully cross-examined Dunlap and Autrey regarding prior inconsistent statements, as well as grants of immunity and

conditions thereon. We find the defendant suffered no prejudice by their testimony.

### Admission of Photographs of the Victim into Evidence.

At trial, the defendant objected to the admission of two photographs on the grounds that they were inflammatory, cumulative and that their prejudicial nature outweighed their probative value. We do not agree. One photograph was used to illustrate the condition of the body as it was found, *i.e.*, the bruises and injuries on the body, the state of decomposition, and the disarray of the clothing. The second photograph showed the body in the location in which it was found. The terrain was the subject of much testimony concerning the rate of decomposition and time of death. Furthermore, the terrain around the body was relevant to the defendant's claim that a recent leg injury made it unlikely that he would be able to walk about in that area.

The defendant bears the burden of showing an abuse of discretion by the trial court in admitting these photographs. *State v. Bell.* We find that the defendant has not carried this burden. Furthermore, the usefulness of these exhibits in illustrating and corroborating testimony establishes their admissibility. *State v. Hutchinson*, 99 N.M. 616, 661 P.2d 1315 (1983). The probative value of these exhibits outweighed any prejudice to the defendant. We therefore find these photographs were properly admitted into evidence.

Having found no error by the trial court, the defendant's convictions are affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and PAYNE, J., concur.