707 P.2d 1163

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Danny Ray COATES, Defendant-Appellant.**

**No. 15348.**

Supreme Court of New Mexico.

Oct. 16, 1985.

Janet Clow Chief Public Defender, J. Thomas Sullivan, David Stafford, Appellate Defender, Lewis Fleishman, Asst. Appellate Defender, Santa Fe, for appellant.

Charles A. Wyman, Dist. Public Defender, Roswell, Trial Counsel.

Paul Bardacke, Atty. Gen., Ida M. Lujan, Michael Dickman, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

SOSA, Senior Justice.

Defendant Danny Ray Coates appeals his conviction of first degree murder, armed robbery, and unlawful taking of a motor vehicle. We affirm.

On August 26, 1982, Louise Cecil was found dead in her residence in Hobbs, New Mexico and her 1976 white Plymouth was missing. On that same day the police found Coates driving the Plymouth near Loving, New Mexico and took him into custody. The district attorney filed a criminal complaint against defendant on August 26, 1982, charging him with murder, robbery, and unlawful taking of a motor vehicle. On September 3, 1982, a preliminary hearing was held, at which time the magistrate orally bound defendant over on charges of murder, armed robbery, and unlawful taking of an automobile. The magistrate's written order, however, only bound Coates over on an open charge of murder with a deadly weapon and did not mention the other two counts.

On October 14, 1982, the district attorney filed a criminal information in which defendant was charged with murder while armed with a deadly weapon. Coates' trial on that charge, which began February 28, 1983, ended in a mistrial March 1, 1983, when it was discovered that two members of the jury had read impermissible information on the case in a newspaper.

On March 3, 1983, the district attorney filed an amended criminal information in which defendant was charged with murder, armed robbery, and unlawful taking of a motor vehicle. Coates filed a motion to quash the amended criminal information on March 8, 1983, contending that it did not conform to the bind-over order of the magistrate and that it constituted vindictive prosecution. On that same day, the district court found that the written bind-over order did not conform to the magistrate's bind-over as recorded on the tape of the preliminary hearing. The court found, however, that "the failure of the Clerk of the Magistrate Court to properly conform the bind-over to the order of the Court would not amount to vindictive prosecution." The inference, then, is that the trial court did not view the filing of the amended criminal information as vindictive prosecution since the amended information conformed to the bind-over order of the magistrate as pronounced orally though transcribed incorrectly. Accordingly, defendant's motion to quash was denied.

Beginning on December 6, 1983, defendant was tried as charged in the amended information and convicted of all three counts. Coates was sentenced on January 23, 1984 to life imprisonment for murder in the first degree, eighteen months for unlawful taking of a motor vehicle, and nine years for armed robbery.

On appeal, defendant's brief-in-chief raises seven points of error. Other issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Cordova*, 100 N.M. 643, 674 P.2d 533 (Ct. App.1983). Coates' main contention is that the amended criminal information was invalid because it failed to conform to the magistrate's bind-over order. As part of that contention, defendant also argues that

the filing of the amended information following his mistrial amounted to vindictive prosecution.[1]

## I. (A) Failure of the Amended Information to Conform to the Bind-Over Order

■ In *State v. McCrary*, 97 N.M. 306, 639 P.2d 593 (Ct.App.1982), the New Mexico Court of Appeals held that the criminal information must conform to the magistrate's bind-over order. There, the court relied on N.M. Const. art. II, § 14 which provides, in pertinent part, that "[n]o person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney. * * * No person shall be so held on information without having had a preliminary examination before an examining magistrate. * * * " This provision of our constitution is to insure that no person is deprived of his liberty without due process of law. Thus, a defendant cannot be held for trial unless a preliminary hearing has been held at which time the accused is informed of the crime charged against him and a magistrate has determined that probable cause exists to hold him.

The court in *McCrary* was also guided by the pronouncements of this Court in *State v. Melendrez*, 49 N.M. 181, 159 P.2d 768 (1945), although the issue in *Melendrez* was not identical to the one presented in *McCrary*. In deciding whether the information filed by the district attorney must charge substantially the same crime as that stated in the complaint, *Melendrez* held that "where the crime charged in the complaint in the magistrate's court is kindred to that to which the accused is held to answer in a preliminary examination otherwise sufficient, *and the information is in substantial accord with the magistrate's commitment*," the defendant has been afforded due process of law as a condition preliminary to the exercise of the power vested in the district attorney to file an information. *Id.* at 188, 159 P.2d at 773. (emphasis added). Thus, by requiring that the information conform to the bind-over order, the defendant is assured that his detention is based upon charges of which he has been apprised and which have been reviewed by a neutral authority.

Contrary to Coates' assertion, however, the amended information in this case is not invalid by reason of its failure to conform with the magistrate's bind-over order. Here, the tapes of the preliminary hearing reveal that the magistrate heard evidence on the counts of murder, armed robbery, and unlawful taking of a motor vehicle. At the conclusion of the hearing, the magistrate, in fact, announced that he was binding defendant over on those counts. The written order, binding him over solely on the count of murder, inadvertently omitted the other two counts.

■ NMSA 1978, Crim.P.Rule 4.1 (Repl. Pamp.1980) states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time. * * * " In its order of March 8, 1983 denying defendant's motion to quash the amended information, the trial court acknowledged that the failure of the court clerk to include the counts of armed robbery and unlawful taking of a motor vehicle was a clerical error. The trial court, thereby, effectively amended the written bind-over order to conform with the announcement of the magistrate at the close of the preliminary hearing. Hence, the amended criminal information was in accord with the magistrate's bind-over order and was valid.

---

1. The failure of the amended criminal information to conform to the bind-over order and prosecutorial vindictiveness were not issues contained in defendant's docketing statement. Normally, issues not raised in the docketing statement but asserted for the first time in the brief-in-chief are not to be considered by the reviewing court. NMSA 1978, Crim., Child Ct. Dom.Rel. & W/C App.R. 205 (Repl.Pamp.1983); *State v. Aranda,* 94 N.M. 784, 617 P.2d 173 (Ct.App.1980). Because these issues involve defendant's fundamental right to due process of law, however, they fall within one of the exceptions to the above-stated rule and we will consider them. NMSA 1978, Crim., Child Ct., Dom. Rel. & W/C App.R. 308 (Repl.Pamp.1983).

## I. (B) Vindictive Prosecution

Defendant contends that the filing of the amended information following his successful motion for a mistrial amounted to vindictive prosecution since the amended information adds two counts not contained in the original information. This action by the district attorney, Coates argues, impermissibly encroaches upon his free exercise of a procedural right in .contravention of the Due Process Clauses of the United States and New Mexico State Constitutions.

In this regard, we find persuasive the reasoning of the California Court of Appeals in *People v. Flowers,* 14 Cal.App.3d 1017, 92 Cal.Rptr. 647 (1971). There the court considered the propriety of allowing an amended information which added a new count after a mistrial. The court found that under Cal. Penal Code Section 1009 (West 1970), an amended information following a mistrial is subject to certain limitations: (1) the information cannot be amended so as to add an offense not shown by the evidence taken at the preliminary hearing; (2) if the amendment would otherwise prejudice the substantial rights of the defendant, a reasonable postponement of any pending proceeding may be allowed; and (3) the amendment may not be accomplished without leave of the court.

In sustaining the trial court's allowance of the amended information, the court of appeals observed that the defendant's substantial right to a trial on a charge of which he had due notice is preserved by Section 1009 itself, in that it forbids any additional charge to be brought which was not borne out by evidence adduced at the preliminary hearing. Further, in response to defendant's assertion that the right of the district attorney to add counts after a mistrial "gives rise to an opportunity to harrass or vex the defendant with successive amendments," the court pointed out that "the discretion of the trial court to disallow such amendments protects the defendant against such unfair proferred amendments; a failure to protect against such harrassing amendments would be an abuse of discretion." *Id.* at 1021, 92 Cal. Rptr. at 650.

Turning to the case before us, NMSA 1978, Crim.P.Rule 7(c) (Repl.Pamp.1980) provides that the trial court

> may at any time allow the * * * information to be amended in respect to any variance to conform to the evidence. If the court finds that the defendant has been prejudiced by an amendment, the court may postpone the trial or grant such other relief as may be proper under the circumstances.

In accord with this rule is the statement of our court of appeals that "[u]nless prejudice to the defendant results a reviewing court will not disturb the trial court's discretion in permitting an amended information". *State v. Benally,* 99 N.M. 415, 417, 658 P.2d 1142, 1144 (Ct.App.1983) (citations omitted).

After reviewing the record to determine whether the trial court abused its discretion in allowing the amended information we note, first, that the defendant and the district attorney both should have made efforts immediately to determine why the written bind-over order did not square with the magistrate's announcement at the end of the preliminary hearing. This would have eliminated the present confusion. Defendant did move for a statement of facts under NMSA 1978, Crim.P.Rule 9 (Repl. Pamp.1980); however, he did not do so until the day of the second trial, and we agree with the trial judge that this motion was not timely filed. Second, we observe that it would have been more appropriate for the district attorney to have included all three counts in the original information, if as the State contends, the district attorney intended to charge Coates with these crimes all along and Coates knew at all times of the charges against which he would have to defend.

In ruling on the motion to quash the amended information, the trial court concluded that there was no prosecutorial misconduct. This determination by the court below afforded defendant protection against an unfair and vexatious amended

information filed subsequent to the mistrial. *People v. Flowers.* We cannot say that the trial court abused its discretion in finding no vindictiveness on the part of the district attorney, since there is nothing in the record to indicate that he, in fact, acted in bad faith. Furthermore, there is nothing in the record which would even give rise to a presumption of vindictiveness.[2] Rather, it appears that the prosecutor added the armed robbery and unlawful taking of a motor vehicle counts simply because they were improvidently omitted from the original information. Defendant was not prejudiced by the filing of the amended information and, therefore, the trial court did not abuse its discretion in allowing it.

We now address defendant's remaining points of error which he alleges occurred during the second trial.

## II. Tainted Jury Venire

During the trial, the court conducted a portion of voir dire at which time the following exchange took place:

Court: Any of you acquainted with the defendant in this case?

Mr. Newton: Yes, I am your honor.

Court: You know Mr. Coates?

Mr. Newton: Yes, I do.

Court: And the nature of that acquaintance, sir?

Mr. Newton: I am the warden at the correctional center. * * *

Court: * * * Mr. Newton, I will excuse you in this matter.

During jury selection in chambers, defense counsel moved for a mistrial on the grounds that Mr. Newton's response had left the prospective jurors with the impression that Coates had been incarcerated previously. Therefore, Coates' attorney argued that the impartiality of the jury had been adversely affected and that a presumption of prejudice arose. The trial judge denied the motion. The record reveals that the defense attorney made no effort to pursue the matter further or to show that his client was, in fact, prejudiced.

■ In *State v. Segotta,* 100 N.M. 18, 23, 665 P.2d 280, 285 (Ct.App.1983), the court of appeals stated that "[u]nless the record affirmatively shows that defendant was not tried by a fair and impartial jury, there is no error." In the instant case, there is no evidence in the record that the conversation between the trial judge and Mr. Newton during voir dire prevented the jurors from making a fair-minded decision. Mere speculation on the part of defendant that his right to an impartial jury was violated will not suffice to show that the trial court abused its discretion in not granting a mistrial.

## III. Admissibility of the Pry-Bar and Hammer into Evidence

■ Defendant argues that the trial court erred in admitting into evidence a pry-bar and hammer as purported murder weapons because there was insufficient evidence to connect the tools with the victim's death and because their prejudicial effect outweighed their probative value. We observe that the admission of evidence is within the discretion of the trial judge and we will uphold its ruling unless there is a clear abuse of that discretion. *State v. Valdez,* 83 N.M. 632, 495 P.2d 1079 (Ct. App.), *aff'd on other grounds,* 83 N.M. 720, 497 P.2d 231, *aff'd mem.,* 83 N.M. 741, 497 P.2d 743, *cert. denied,* 409 U.S. 1077, 93 S.Ct. 694, 34 L.Ed.2d 666 (1972). Upon review of the record, we do not find that the trial court erred in admitting these two items into evidence, particularly in view of the fact that the judge cautioned that the pry-bar and hammer were being admitted

---

**2.** Cf. *State v. Stevens,* 96 N.M. 627, 633 P.2d 1225 (1981), *cert. denied,* 458 U.S. 1109, 102 S.Ct. 3489, 73 L.Ed.2d 1371 (1982) (refusing to find a presumption of prosecutorial vindictiveness at the pre-trial stage of criminal proceedings absent a showing of prosecutorial misconduct). Because of the unique circumstances of the instant case, in which clerical error was compounded by an inadvertent omission on the prosecutor's part, we are not presented with the facts from which we can determine whether, in general, an amended information adding counts after a mistrial leads to a presumption of vindictiveness, an issue clearly not decided by *Stevens.*

only within the scope of the testimony given about them.

## IV. Witnesses' Violation of NMSA 1978, Evid.Rule 615

During the State's case-in-chief, Dewanna Roberts, the girlfriend of defendant testified on direct examination that she and Coates had taken a drive in the country early on the morning of August 26, 1982. Roberts stated that, at that time, defendant asked her what she would do if she knew that he had just killed someone. She told Coates that she would "freak out". On cross-examination, the defense attorney elicited from Roberts that she had told State's witness Robin Walker of this alleged conversation after both Roberts and Walker had been sworn in as witnesses and cautioned not to discuss the case. Defense counsel chastised Roberts for having discussed the case with Walker. Further, on several occasions the trial court admonished the witnesses not to talk with one another.

On appeal, defendant argues that during the trial, defense counsel pointed out to the court that Walker and Roberts were attempting to manipulate their testimony in violation of NMSA 1978, Evid.Rule 615 and that Roberts' testimony should be excluded from the jury's consideration. Defendant asserts that the trial court refused to strike the testimony, thereby abusing its discretion.

In direct contradiction, the State argues that defense counsel failed at several opportune times during trial to request that Roberts' testimony be stricken. Further, the State observes that the record does not support the assertions that defendant argued to the court that Walker and Roberts were attempting to manipulate their testimony and that the trial court refused to exclude Roberts' testimony.

After a painstaking review of the tapes of the trial, we find that if the defense did request that Roberts' testimony be stricken because of manipulation and that request was denied by the court, this colloquy was not recorded. It is the duty of the party on appeal to make certain that a proper record has been made of the trial court proceedings. *State ex. rel. Alleman v. Shoats*, 101 N.M. 512, 684 P.2d 1177 (Ct.App.1984). We cannot consider whether the trial court improperly denied defendant's alleged request to strike Roberts' testimony since "[t]he scope of appellate review by the Supreme Court is limited to a consideration of those matters disclosed by the record." *State v. Buchanan*, 78 N.M. 588, 589–90, 435 P.2d 207, 208–09 (1967).

## V. Sufficiency of Evidence to Support Defendant's Conviction for Armed Robbery

Defendant contends that the trial court erred in denying his motion for a directed verdict with respect to the armed robbery charge since the evidence was insufficient to support a verdict of guilty. In passing upon this question, we will view the evidence in the light most favorable to the State. *State v. Zamora*, 91 N.M. 470, 575 P.2d 1355 *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978). Upon a careful review of the entire record, we find that there was substantial evidence to support the verdict of guilt and that the trial court did not err in denying defendant's motion.

## VI. Sufficiency of Evidence to Support Defendant's Conviction of First Degree Murder

Defendant argues that the evidence is insufficient to show that he killed Louise Cecil and that the killing was with the deliberate intention to take away her life. In support of this contention, defendant notes that where circumstantial evidence is used to establish guilt in a prosecution for homicide, "[t]hose circumstances must point unerringly to the defendant and be incompatible with and exclude every reasonable hypothesis other than guilt." *State v. Coulter*, 84 N.M. 647, 650, 506 P.2d 804, 807 (Ct.App.1973).

In *State v. Brown*, 100 N.M. 726, 676 P.2d 253 (1984), this court expressly recognized that the traditional distinction between direct and circumstantial evidence

had been abolished in New Mexico. Accordingly, our only function on review is to determine whether substantial evidence "exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *Id.* at 728, P.2d at 255. Applying the above standard to the evidence presented to the trial court, we find sufficient evidence to support defendant's conviction.

## VII. Defendant's Competency to Stand Trial

During the State's case-in-chief, the district attorney called Joe Ponder, a witness crucial to the State's proving that defendant had killed the victim with premeditation. Before Ponder could testify, however, defense counsel requested an evidentiary hearing on defendant's competency to stand trial under NMSA 1978, Crim.P.Rule 35(b) (Cum.Supp.1984), and notified the court that he had prepared a motion on this issue. It was the defense's contention that Ponder would be testifying about a phone conversation he had with defendant the night before the victim was found dead, but that defendant could not remember the conversation because of amnesia, an alcoholic blackout, or an epileptic seizure, or some combination thereof. Because Coates would be unable to rebut Ponder's testimony and assist his attorney in his own defense, he would be incompetent to stand trial.

The trial judge expressed dismay at defendant's having raised the claim of incompetence only in response to Ponder's testifying but allowed an in camera hearing on the issue. At the hearing, Dr. Jerry Serafino, a forensic psychologist testified that he believed Coates was competent to stand trial if the court did not consider defendant's alleged lack of memory as a bar to competence. When pressed by defense counsel, however, Serafino expressed a reasonable doubt as to whether Coates was competent to stand trial given his history of epilepsy, the fact that he apparently was intoxicated around the time of the offense, and other relevant data. The trial judge, applying New Mexico's three-pronged test of competency as set out in NMSA 1978, UJI Crim. 41.03 (Cum.Supp.1984), summarily found that there was no reasonable doubt as to defendant's competency and refused to submit the issue to the jury.

On appeal, defendant urges that New Mexico courts should adopt the position that loss of memory is a factor which must be considered in determining competency. If that position is adopted, defendant contends that the trial judge erred in failing to take into account his claimed loss of memory and in failing to submit the issue to the jury. We find that in order to dispose of this point we need not reach the questions of whether amnesia must be considered in competency determinations nor whether the judge erred in refusing to examine defendant's loss of memory. In permitting the in camera hearing, the trial judge obviously took into account Coates' alleged amnesia and inability to put on an alibi defense as factors in determining defendant's competence to stand trial. That the judge found defendant's claim untenable is no grounds for asserting that he failed to consider these factors. The question, then, is whether the issue should have been submitted to the jury.

In *State v. Nelson*, 96 N.M. 654, 657, 634 P.2d 676, 679 (1981), this Court observed that under Rule 35(b), "the right to have a jury determination of competency attaches only where competency to stand trial is at issue and when a reasonable doubt is raised after the trial has begun but before it has ended." Furthermore, we have acknowledged that once the trial court concludes that there is no reasonable doubt as to the defendant's competency to stand trial, there is no question for the jury to decide, and on review we cannot overturn the lower court's determination unless there was an abuse of discretion. *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). In this case, we find no abuse of discretion for the following reasons.

We note that while a defendant may raise the issue of his competency at any stage of the proceedings under Rule 35(b), the claim of incompetence cannot be

contingent upon whether one of the State's witnesses will testify or not. Rather, the claim of incompetence must be raised in good faith. *State v. Folk*, 56 N.M. 583, 247 P.2d 165 (1952). Apparently, defendant professes to have never remembered what happened during the hours in which the victim was killed. Thus, his lack of memory was a condition which should have existed all along and should not have been triggered by Ponder's forthcoming testimony. Further, defendant knew before trial that Ponder might testify since Ponder's name was included on the State's witness list; therefore, defendant could have raised the issue of incompetence earlier if he felt that the ability to rebut Ponder's testimony was crucial to his defense.

Defendant also points out that Dr. Serafino expressed reasonable doubts about his competency to stand trial and that the State presented no testimony refuting that of the doctor, thus implying that Serafino's opinion should have been given greater weight. It is axiomatic that the trial court need not adopt the opinion of Dr. Serafino that there was reasonable doubt about defendant's competence. The court may weigh the evidence itself and draw its own conclusions. *Chapman v. Jesco, Inc.*, 98 N.M. 707, 652 P.2d 257 (Ct. App.1982)

In view of all the foregoing, we find no error and the defendant's conviction of first degree murder, armed robbery, and unlawful taking of a motor vehicle is hereby affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.