**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANNY RAY COATES,

        Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 99-2196
(D.C. No. CIV-96-653-LH/JHG)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In December 1983, petitioner Danny Ray Coates was convicted in a New Mexico state court of murder, armed robbery, and unlawful taking of a motor vehicle. His conviction was affirmed on direct appeal. See State v. Coates , 707 P.2d 1163 (N.M. 1985). Appearing pro se, petitioner filed a petition for a writ of habeas corpus under state law in 1995. It was denied.

In May 1996, petitioner, still pro se, filed the underlying petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court originally held the petition to be time-barred and petitioner appealed. This court held that the petition was timely and remanded for further proceedings. See Coates v. Shanks , No. 97-2005 (10th Cir. June 23, 1997) (order and judgment).

On remand, the district court appointed counsel for petitioner and the State moved to dismiss the petition. The magistrate judge recommended that three of petitioner's issues be dismissed because they were based solely on state law and were not cognizable in federal habeas corpus. The magistrate judge also suggested that one of those issues was procedurally defaulted. The district court adopted the recommendation and dismissed those three claims. The magistrate judge then thoroughly analyzed the rest of petitioner's issues on the merits and recommended that relief be denied without a hearing. The district court adopted this recommendation as well, denying petitioner's request for a hearing, his petition for habeas relief, and his request for a certificate of appealability under

28 U.S.C. § 2253(c). Petitioner appeals and renews his application for a certificate of appealability in this court.

## I.

At the time of the events involved here, petitioner was living with his grandmother in one side of a duplex owned by Louise Cecil. Ms. Cecil lived in the other side of the duplex. She died on August 25 or 26, 1982, from massive trauma to the left side of the head. See Trial Tape 6. The medical evidence at trial was that the victim's injury was caused by a single, forceful blow from a blunt, linear instrument and that death was relatively instantaneous. See id. Petitioner was apprehended driving her car with her keys a few hours after her body was discovered.

## II.

Because petitioner filed his federal habeas petition in May 1996, it is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See Slack v. McDaniel, 120 S. Ct. 1595, 1602 (2000). The Supreme Court has recently clarified the standard to be applied by federal courts under 28 U.S.C. § 2253 as revised by AEDPA. See id. at 1603-04.

"Under AEDPA, a COA may not issue unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" Id. at 1603 (quoting

-3-

§ 2253(c)).  Whether the district court's decision was on procedural grounds or on the merits, petitioner must show that "reasonable jurists" would find that the district court's decision was "debatable or wrong."      Id. at 1604.  We conclude that petitioner has not demonstrated his entitlement to a certificate of appealability on any of his issues on appeal.

III.

A.

First, petitioner argues that the prosecution was vindictive.

As noted by the New Mexico Supreme Court, petitioner was originally charged by criminal complaint with all three charges for which he was ultimately tried and convicted--murder, armed robbery, and unlawful taking of a motor vehicle.  See Coates , 707 P.2d at 1165.  Evidence on all three charges was presented at the preliminary hearing and the magistrate judge announced from the bench that petitioner was bound over on all three charges.      See id. at 1166.  The written bind-over order charged petitioner only with murder with a deadly weapon, however, and the first criminal information charged petitioner only with murder with a deadly weapon.     See id. at 1165.  Trial began, but ended in a mistrial on the second day because two jurors had read inadmissible evidence in the newspaper.   See id.  The State filed an amended information charging petitioner with murder, armed robbery, and unlawful taking of a motor vehicle.

-4-

See id. Petitioner asserts that the addition of two more charges after he successfully moved for a mistrial constituted prosecutorial vindictiveness in violation of the Due Process Clause.

The New Mexico Supreme Court decided that the trial court did not err by refusing to quash the amended information. See id. at 1168. It held that, under the circumstances, the State's failure to include all three charges in the first criminal information was improvident, but not vindictive, unfair, or vexatious. See id. at 1167-68.

The district court adopted the magistrate judge's analysis of this issue. The magistrate judge correctly reviewed petitioner's vindictive prosecution claim in light of the standard that although the purpose of instituting criminal proceedings against an individual is to punish him, "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." United States v. Goodwin, 457 U.S. 368, 372 (1982) (quotation omitted). The Supreme Court has stated that "in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive." Id. at 373. However, "the Court has done so only in cases in which a reasonable likelihood of vindictiveness exists." Id. The magistrate judge concluded that petitioner had not shown either actual vindictiveness or a reasonable likelihood of

vindictiveness under the circumstances, and had not overcome the presumption of correctness to be accorded the state court's finding. See R., vol. I, doc. 45, at 5-7. Petitioner has not shown that the district court's assessment of this claim is debatable or wrong. See Slack, 120 S. Ct. at 1604. He is not entitled to a certificate of appealability on this issue.

## B.

Second, petitioner argues that his Sixth Amendment right to an impartial jury was violated by the trial court's failure to declare a mistrial when a venire member disclosed during voir dire that he was the warden at the correction center and knew petitioner. The New Mexico Supreme Court set out this brief conversation, which ended with the trial judge excusing the venire member. See Coates, 707 P.2d at 1168. The court concluded that petitioner's argument was based on mere speculation, as there was no evidence showing that the remaining jurors were prevented from making a fair decision. See id.

The district court adopted the magistrate judge's analysis of this issue. The magistrate judge reviewed the argument in light of the Supreme's Court's standard that "[a] trial court's findings of juror impartiality may be overturned only for manifest error." Mu'Min v. Virginia, 500 U.S. 415, 428 (1991) (quotations omitted). He held that petitioner had failed to identify any actual or probable prejudice on the part of any juror to demonstrate a due process violation

-6-

and had failed to overcome the presumption that the state court's finding is correct. See R., vol. I, doc. 45, at 8-9. Petitioner has not shown that the district court's conclusion is debatable or wrong. See Slack, 120 S. Ct. at 1604. He is not entitled to a certificate of appealability on this issue.

C.

Third, petitioner argues that his right to due process was violated by the trial court's admission into evidence of a pry bar and a hammer as the weapons allegedly used to murder the victim. Petitioner did not raise this issue in his objections to the magistrate judge's recommendation. See R., vol. I, doc. 46. Therefore, this issue is deemed waived on appeal. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).

D.

Fourth, petitioner argues that his right to due process was violated by the trial court's failure to grant a mistrial when state witnesses manipulated their testimony by discussing the case outside of court, contrary to New Mexico Rule of Evidence 615. Petitioner did not raise this issue in his objections to the magistrate judge's recommendation. See R., vol. I, doc. 46. Therefore, this issue is deemed waived on appeal. See Fymbo, 213 F.3d at 1321.

E-F.

In his fifth and sixth issues, petitioner maintains that his right to due process was violated by convictions for armed robbery and first degree murder that were not supported by sufficient evidence. He argues that the State failed to present evidence to prove the element of forceful taking of an object from another required under New Mexico law, and failed to present evidence to prove that he killed the victim or that he deliberately intended to take away her life. The New Mexico Supreme Court reviewed the evidence in the light most favorable to the prosecution and found that it was sufficient to support the convictions. See Coates, 707 P.2d at 1169-70.

The district court adopted the magistrate judge's analysis of this issue. The magistrate judge reviewed the contention in light of the Supreme Court standard that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). He concluded that the evidence was sufficient to support both convictions. See R., vol. I, doc. 45, at 9-10. Petitioner has not shown that the district court's assessment of this claim is debatable or wrong. See Slack, 120 S. Ct. at 1604. He is not entitled to a certificate of appealability on these issues.

-8-

## G.

Seventh, petitioner asserts that his right to due process was violated by the trial court's refusal to consider his amnesia in determining his competency to stand trial. Petitioner asserted his incompetency at trial when the State called a witness to provide evidence of premeditation arising from a phone conversation the witness claimed to have had with petitioner on the night before the victim was found dead. See Coates, 707 P.2d at 1170. Petitioner asserted that he could not remember the conversation due to amnesia, an alcoholic blackout, an epileptic seizure, or a combination of those impairments, and could not assist his attorney in his defense. See id.

The New Mexico Supreme Court held that the trial court obviously considered petitioner's claimed amnesia because it held a competency hearing. See id. Nevertheless, the court held that there remained an issue as to whether petitioner's competence to stand trial should have been submitted to the jury instead of being decided by the trial judge. See id. The court concluded that the trial court did not err in deciding the issue, as petitioner's lack of memory "existed all along and should not have been triggered by [the State's witness's] forthcoming testimony." Id. The court pointed out that the State's witness was named on the State's witness list, and petitioner could have asserted his claim of incompetency earlier. See id.

The district court adopted the magistrate judge's analysis of this issue. The magistrate judge reviewed the claim under the Supreme Court's standard asking whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam).

We observe that petitioner contradicts his claim of incompetency in his federal habeas petition. Petitioner states that he was not drunk on the night before the victim was discovered, see R., vol. I, doc. 1, at 5(fff), did not make a phone call to the State's witness that night, see id. at 5(fff)-5(ggg), and "could have recalled his whereabouts at approximately all times that night and the day of the 26th of August," id. at 5(ggg). Because the petition is verified and asserts facts within petitioner's personal knowledge, it may be treated as an affidavit. See Jaxon v. Circle K Corp., 773 F.2d 1138, 1139 n.1 (10th Cir. 1985). Petitioner is therefore not entitled to a certificate of appealability on this issue.

H.

Eighth, petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel by his counsel's failure to: (A) investigate his competency and move for a competency hearing prior to trial; (B) investigate the charge of first degree murder resulting in reliance at trial on an untimely raised

-10-

competency motion and ineffectively presented alibi defense; (C) consult with him during trial, resulting in ignorance of his drug-impaired state that prevented him from assisting in his own defense.

A claim of ineffective assistance of counsel is governed by Strickland v. Washington, 466 U.S. 668 (1984). See Williams v. Taylor, 120 S. Ct. 1495, 1511 (2000). To establish ineffectiveness, petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, Strickland, 466 U.S. at 688; and (2) that the deficient performance prejudiced the defense, which requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, id. at 694. See Williams, 120 S. Ct. at 1511-12.

Because petitioner is not entitled to a certificate of appealability on his claims of vindictive prosecution or incompetency, he is not entitled to a certificate of appealability on his claim of ineffective assistance of counsel.

I.

Ninth, petitioner argues that the district court erred in denying him an evidentiary hearing on his claims of prosecutorial vindictiveness and ineffective assistance of counsel.

We find no error. A federal district court is precluded from holding a hearing on a habeas claim "[i]f the applicant has failed to develop the factual

-11-

basis of [his] claim in State court proceedings," unless the applicant has satisfied one of the specified exceptions to this rule. 28 U.S.C. § 2254(e)(2); see also Williams v. Taylor, 120 S. Ct. 1479, 1487 (2000). "[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 120 S. Ct. at 1488.

Petitioner concedes that he did not request a hearing in state court, which demonstrates his lack of diligence in pursuing the development of his claims. He does not argue that any of the exceptions to § 2254(e)(2) applies. See Valdez v. Ward, No. 99-6147, 2000 WL 1034637, at *4 (10th Cir. July 27, 2000). His argument that his habeas petition should be construed as a request for a hearing because he was pro se when he appeared in state court was made for the first time in his objections to the magistrate judge's findings and recommendation, and is waived. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). We conclude that petitioner was not entitled to a hearing in federal court.

## Conclusion

We conclude that petitioner has not made a substantial showing of the denial of a constitutional right. We therefore deny his application for a certificate of appealability. The appeal is DISMISSED.

Entered for the Court


Robert H. Henry
Circuit Judge