2007-NMCA-097

164 P.3d 1009

STATE of New Mexico,
Plaintiff–Appellee,

v.

Leslie B. DeVINE, Defendant–Appellant.

No. 26,392.

Court of Appeals of New Mexico.

June 13, 2007.

Gary K. King, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

Templeman and Crutchfield, C. Barry Crutchfield. Lovington, NM, for Appellant.

## OPINION

BUSTAMANTE, Judge.

{1} This case requires us to determine whether, following a mistrial, the State's amendment adding a new charge to a criminal information has the effect of renewing the defendant's right to peremptorily excuse the presiding judge under Rule 5–106 NMRA. We conclude that, under this procedural scenario, the addition of a new charge has such an effect. We further hold that the right to excuse the presiding judge attaches upon the filing of the amended information. Defendant filed her notice of excusal following the preliminary hearing on the new charge. Therefore, because the district judge exercised discretion in connection with the new charge, Defendant's notice of excusal was untimely. We affirm.

## BACKGROUND

{2} On August 19, 2004, the State filed a criminal information charging Leslie B. Devine (Defendant) with the crime of voluntary manslaughter, contrary to NMSA 1978, § 30–2–3(A) (1994). The case went to trial before Judge James Shuler, ending in a jury deadlock on April 13, 2005, and Judge Shuler entered an order declaring a mistrial the following day. The order declaring the mistrial noted that the district court "hereby reserves jurisdiction to re-try the Defendant on the charges in the Criminal Information."

{3} The State thereafter filed a motion to amend the criminal information to change the charge from voluntary manslaughter to second-degree murder, contrary to NMSA 1978, § 30–2–1(B) (1994). The State asserted in the motion that, although it would not have been able to amend the charges "upward" during a trial under the relevant case law and Rule 5–204(A) NMRA, it should have the opportunity to make such an amendment following the declaration of a mistrial. Defendant filed a response to the State's motion, arguing that the State could not amend the information because there had been no preliminary hearing on second-degree murder, which is a substantially different charge than voluntary manslaughter. Judge Shuler granted the motion during a hearing on May 2, 2005. The State filed the amended criminal information on May 23, 2005.

{4} Judge Shuler held a preliminary hearing on August 15, 2005, and found that probable cause supported the charge of second-degree murder. That same day, the district court clerk filed a notice of trial setting indicating that Judge Shuler would continue to preside over the proceedings. Defendant then filed a notice of excusal on August 23, 2005, seeking to excuse Judge Shuler from presiding over the case. Two days later, Judge Shuler issued an order striking the notice of excusal as untimely filed.

{5} On October 28, 2005, Defendant filed a pleading styled as a "motion to determine status of case" in which Defendant noted that she had not yet been arraigned on the sec-

ond-degree murder charge, and that, because the arraignment would be a new and separate proceeding from those connected with the original criminal information, Defendant's notice of excusal had been timely. Judge Shuler held a hearing on Defendant's motion and ruled that, because he had previously exercised discretion in the case, he retained jurisdiction following the mistrial notwithstanding the State's amendment of the charge from voluntary manslaughter to second-degree murder. Defendant was arraigned on November 7, 2005, and later filed another notice of excusal seeking to excuse Judge Shuler, which Judge Shuler promptly ordered stricken. Defendant was thereafter tried for second-degree murder and a jury convicted her of the lesser offense of voluntary manslaughter. The district court entered its judgment and sentence on November 17, 2005, and Defendant's appeal from that order timely followed.

{6} On appeal, Defendant raises two issues: (1) whether under the circumstances of this case, her notice of excusal was timely and effective, and (2) whether given that the excusal was proper, the proceedings before Judge Shuler were void. We first address the issue of whether the filing of the amended information renewed Defendant's right to excuse Judge Shuler. Answering in the affirmative, we next address whether Defendant timely filed her notice of excusal.

## DISCUSSION

{7} Rule 5–106(C) sets forth the procedure for exercising the statutory right to excuse a district judge. The rule provides that a party seeking to file a peremptory election to excuse must do so "within ten (10) days after the later of: (1) arraignment or the filing of a waiver of arraignment; or (2) service by the clerk of notice of assignment or reassignment of the case to a judge." *Id.* Furthermore, "[a] party may not excuse a judge after the party has requested that judge to perform any discretionary act." Rule 5–106(A). A trial judge's ruling on a party's peremptory election to excuse presents a mixed question of law and fact. *State v. Mantelli*, 2002–NMCA–033, ¶ 59, 131 N.M. 692, 42 P.3d 272. We review the judge's findings of historical fact using the deferen-

tial substantial evidence standard, while we review the application of the law to those facts de novo. *Id.*

**The Addition of a New Charge Following Mistrial Renews the Procedural Rights of All Parties**

{8} We have previously held that a party's right to excuse the presiding judge may renew where the State files a nolle prosequi and subsequently refiles charges against the defendant in a second proceeding before the same judge. *State v. Ware*, 115 N.M. 339, 342, 850 P.2d 1042, 1045 (Ct.App.1993). In so holding, we noted that "a nolle prosequi is as final as any other dismissal with or without prejudice." *Id.* at 341, 850 P.2d at 1044. We therefore rejected the State's argument in that case that the second indictment was simply a reinstatement or continuation of the first. *Id.* We concluded that "[t]he dismissal of the first indictment nullified all prior orders and proceedings in that case and terminated the jurisdiction of the trial court. This being the case, the second indictment commenced a new proceeding, with all procedural rights inuring to the parties." *Id.* at 342, 850 P.2d at 1045 (citation omitted).

{9} Defendant argues that the amended criminal information in this case had the effect of dismissing the prior criminal information, just as the nolle prosequi in *Ware* had the effect of dismissing the original indictment in that case. We agree. In *Salazar v. State*, 85 N.M. 372, 373, 512 P.2d 700, 701 (Ct.App.1973), we stated that "[a]n 'amended' information vitiates the original information as fully as though it had been formally dismissed by order of the court. It constitutes the filing of a new instrument which supersedes its predecessor." *Id.* (citation omitted). However, we noted in *State v. Benally*, 99 N.M. 415, 417, 658 P.2d 1142, 1144 (Ct.App.1983), the distinction between an "amendment to an information," which is "a supplement to an otherwise effective and sufficient information," and an "amended information," which "constitutes the filing of a new instrument which supersedes its predecessor." *Id.* (internal quotation marks and citations omitted). We observed that an amended criminal information charging a dif-

ferent crime than that charged in the original information would have the effect of superseding the original information. *Id.; see State v. Roman,* 1998–NMCA–132, ¶ 12, 125 N.M. 688, 964 P.2d 852 ("An 'amended information' adds a new or different charge.").

{10} In contrast, the State asserts that, when a mistrial is declared, any ensuing trial is considered to be a continuation of the initial proceeding. Therefore, the State argues, the original proceeding before Judge Shuler was not dismissed following the mistrial and its filing of the amended information. In support of this argument, the State cites to *State v. Martinez,* 120 N.M. 677, 678, 905 P.2d 715, 716 (1995). The defendant in *Martinez* was charged with attempted murder and aggravated battery. *Id.* at 677, 905 P.2d at 715. The jury did not reach a verdict on the attempted murder charge but convicted the defendant on the aggravated battery charge. *Id.* Our Supreme Court held that the defendant could be retried on the attempted murder charge because the jury had not reached a verdict and double jeopardy principles therefore did not apply. *Id.* at 678, 905 P.2d at 716. The Court further stated that "[t]he second trial is considered a continuation of the first, and the defendant is thus placed in jeopardy only once." *Id.*

{11} We find unpersuasive the State's argument that proceedings following a mistrial are merely a continuation of the previous proceedings. First, the statement in *Martinez* that "[t]he second trial is considered a continuation of the first" was made in the context of the Court's double jeopardy analysis, and double jeopardy is not an issue in the present case. Second, the State did not seek to add new charges against the defendant following the mistrial in *Martinez,* but simply sought to retry him on the previous charge of attempted murder that resulted in a hung jury. *Martinez* is therefore distinguishable from the present case and is not controlling precedent.

{12} Nevertheless, the State maintains that Judge Shuler had discretion to allow amendment of the charging document "at any time" to conform the charge to the evidence under Rule 5–204(C). Thus, the State seems to argue, it would be absurd to allow a defendant to excuse the presiding judge any time such an amendment is allowed, especially if the presiding judge has previously exercised discretion in the case. The State's argument misapprehends the aforementioned distinction between an "amendment to an information" and an "amended information." The amendments to which Rule 5–204(C) refer are not those that result in an "amended information" as described above. *See Roman,* 1998–NMCA–132, ¶ 9, 125 N.M. 688, 964 P.2d 852 ("We do not agree that Rule 5–204(C) can be used to impose an entirely new charge against a defendant after the close of testimony."). Thus, the State's concern that a defendant's right to excuse a presiding judge will renew following every Rule 5–204(C) amendment is misplaced.

{13} The State further cites to *State v. Coates,* 103 N.M. 353, 357–58, 707 P.2d 1163, 1167–68 (1985), *abrogated on other grounds as stated in State v. Brule,* 1999–NMSC–026, ¶ 3, 127 N.M. 368, 981 P.2d 782, as standing for the proposition that the prosecution may file an amended complaint charging new counts following a mistrial. In *Coates,* our Supreme Court held that an amended criminal information was valid where, following a mistrial, the State filed an amended information that added charges that were previously omitted by clerical error in the original bind-over order. *Id.* at 355, 707 P.2d at 1165. The magistrate in *Coates* had orally pronounced charges that were incorrectly omitted in the written bind-over order. *Id.* The State filed a criminal information that also omitted the charges, and the trial on the remaining charge ended in a mistrial. *Id.* The State subsequently filed an amended information that included the original charges that had been omitted due to clerical error. *Id.* The Supreme Court held that the amended criminal information was valid because it conformed to the magistrate's oral bind-over order. *Id.* at 356, 707 P.2d at 1166. In the present case, however, there was no similar error with regard to the bind-over order; the charge of second-degree murder in the amended information was completely new. *Coates* is distinguishable because the charges added in the amended complaint in that case were not "new."

{14} We conclude that the amended information in the present case, which added the charge of second-degree murder in place of the voluntary manslaughter charge, was a new instrument that superseded its predecessor. *Salazar*, 85 N.M. at 373, 512 P.2d at 701. Because it had the effect of dismissing the prior information, *id.*, the amended information "nullified all prior orders and proceedings in [the] case," which renewed Defendant's procedural right to peremptorily excuse Judge Shuler under Rule 5–106. *Ware*, 115 N.M. at 342, 850 P.2d at 1045. We now turn to the question of whether Defendant timely asserted this right.

**Defendant Did Not Timely Assert Her Right to Excuse the Presiding Judge**

■ {15} Defendant's right to excuse Judge Shuler attached when the State filed the amended information. *Cf. id.* at 343, 850 P.2d at 1046 (holding that the "[d]efendant's right to disqualify attached upon the filing of the second indictment"). The State filed the amended information on May 23, 2005, and Judge Shuler held a preliminary hearing on August 15, 2005. Defendant did not file her notice of excusal until August 23, 2005.

{16} Defendant argues that her notice of excusal was timely filed because the preliminary hearing was a "totally separate" legal proceeding from the subsequent trial. Thus, Defendant asserts, because she did not request Judge Shuler to exercise discretion following the preliminary hearing, her notice of excusal was not barred under Rule 5–106(A). In support of this argument, Defendant cites *State ex rel. Hanagan v. Armijo*, 72 N.M. 50, 380 P.2d 196 (1963). In *Armijo*, the district attorney for the fifth judicial district sought a writ of prohibition to prevent a district judge from reopening a preliminary hearing. *Id.* at 51, 380 P.2d at 197. Relying on statutes then in force, our Supreme Court stated that "there is no question but that a trial judge has no authority to reopen a preliminary hearing." *Id.* at 52, 380 P.2d at 197. "Our statutes provides [sic] that a preliminary examination will be conducted by a committing magistrate (§§ 41–3–1 to 41–3–14, N.M.S.A.1953) and the arraignment and the trial will be had before the district court (§§ 41–3–12, 41–3–15 and 41–6–52, N.M.S.A.1953)." *Id.* The Court went on to note that

[t]he two proceedings, i.e., the preliminary hearing and the trial, are separate and distinct, and the judge, even though he may be the same individual [presiding over both proceedings], is acting in two entirely different capacities. It is as though there are two distinct courts and, once the jurisdiction of the district court attaches, the authority of the magistrate's court has ended, so that any nonperformance of the latter may not be completed by the former.

*Id.* at 52–53, 380 P.2d at 198.

{17} Defendant's citation to *Armijo* is inapposite. The issue before us is not whether the district court improperly reopened a preliminary hearing, as was discussed in *Armijo*. The question before us in the present case is whether, during the preliminary hearing, Judge Shuler exercised discretion within the meaning of Rule 5–106(A). Although *Armijo* has never been overruled, we note that the *Armijo* court expressly limited its holding "in the absence of statute or any authority." *Armijo*, 72 N.M. at 53, 380 P.2d at 198. We deem it noteworthy that the current rules of criminal procedure provide that a district court may conduct a preliminary hearing. *See* Rule 5–302 NMRA (setting forth rules governing preliminary examinations in the district courts). Thus, there is now authority suggesting that a district judge's role includes conducting preliminary hearings as a district court, and therefore its exercise of discretion during the conduct of such hearings would be an exercise of discretion under Rule 5–106(A).

{18} We conclude that, when a district court decides whether probable cause exists to believe that a defendant committed the crime charged, the court has exercised discretion for the purposes of Rule 5–106(A). Defendant's participation in the preliminary hearing necessarily involved the exercise of discretion on the part of Judge Shuler because Defendant could have received a favorable ruling dismissing the charges against her if Judge Shuler viewed the facts in a particular way, which would have been within his discretion. It was not until after Defen-

dant received the unfavorable ruling in the preliminary hearing that she filed her notice of excusal. We therefore hold that Defendant's notice of excusal was untimely. Rule 5–106(A) ("A party may not excuse a judge after the party has requested that judge to perform any discretionary act."); *see Mantelli*, 2002–NMCA–033, ¶¶ 60, 61, 63, 131 N.M. 692, 42 P.3d 272 (holding that the "discretionary act" rule is not subject to any time constraints under Rule 5–106(A) and applying the rule to the defendant's requests of the judge made at the time of the preliminary hearing).

## CONCLUSION

{19} The district court's order striking Defendant's notice of excusal is affirmed.

{20} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CYNTHIA A. FRY, Judges.