This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

**v.**                                                    No. A-1-CA-35923

**MASON S. SMITH,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J. C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant appeals from the district court's judgment and order suspending sentence convicting him following a jury trial on one count of receiving or transferring a stolen motor vehicle, contrary to NMSA 1978, Section 30-16D-4 (2009). Based on the factual recitation in Defendant's docketing statement, this Court issued a calendar notice proposing summary reversal. [1CN 1-4] After considering the State's memorandum in opposition to our proposed disposition, we then issued a second calendar notice proposing to summarily affirm. [2CN 1-4] Defendant has filed a memorandum in opposition to our second calendar notice, which we have duly considered. Unpersuaded, we affirm.

{2} Defendant raised a single issue on appeal, contending that the district court erred in denying his motion for a directed verdict. In his docketing statement, Defendant specifically argued that no evidence was presented at trial to establish that he knew or had reason to know that the motorcycle was stolen or unlawfully taken at the time he had possession of the motorcycle. [DS unpaginated 3; *see also* 1CN 2-3 (setting out the jury instructions, including the requirement that the State prove that at the time Defendant had the subject vehicle in his possession, he knew or had reason to know that this vehicle had been stolen or unlawfully taken)] The State provided this Court with a detailed statement of facts in its memorandum in opposition, based on its review of a CD recording of the trial. [*See* 1MIO 2] Relying on the State's factual

recitation, we laid out the following facts in our second calendar notice. [*See* 2CN 2-3] Tyler Bollinger was the owner of a 2007 Honda CBR Motorcycle. [2CN 2] Mr. Bollinger was interested in selling the motorcycle and on March 13, 2015, let a man named Ian Goodyear take it for a test drive. [Id.] Mr. Goodyear apparently did not come back from the test drive. [2CN 2-3] Despite calls from Mr. Bollinger to Mr. Goodyear, the motorcycle was never returned. [2CN 3] On March 16, 2015, George Dominguez, Mr. Bollinger's friend, saw the motorcycle in Defendant's driveway. [Id.] Mr. Bollinger went to Defendant's home, told Defendant that the motorcycle was his and that Mr. Goodyear had taken it and never brought it back. [Id.] Defendant then told Mr. Bollinger that he wanted to buy the motorcycle. [Id.] Although they discussed a price, Mr. Bollinger and Defendant did not reach a deal. [Id.] Mr. Bollinger asked for his motorcycle back and Defendant told him that he would have to take it for a test drive before anyone could take it. [Id.] According to Mr. Bollinger, Defendant took the bike and never returned. [Id.] For his part, it appears that Defendant testified consistently with Mr. Bollinger's testimony, but he denied taking the motorcycle for a test drive. [Id.]

{3}     Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary

calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, the thrust of Defendant's argument in opposition to summary affirmance continues to be that these facts are insufficient to establish that he knew or had reason to know that the motorcycle was stolen. [2MIO 3-6] To the point, Defendant contends that Mr. Bollinger did not testify that he specifically told Defendant that the motorcycle was stolen or unlawfully taken from him, but only that he told Defendant that the motorcycle belonged to him and that Mr. Goodyear took it and failed to return it. [2MIO 5]

{4}     In accordance with our standard of review, viewing the evidence in the light most favorable to the guilty verdict, we conclude that a reasonable jury could have inferred from Mr. Bollinger's statement to Defendant that Mr. Goodyear had taken his motorcycle and never brought it back, as well as from Defendant's subsequent actions in failing to return the motorcycle upon Mr. Bollinger's request, that Defendant knew or had reason to know that the motorcycle was stolen at the time it was in his possession. *See State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 ("In reviewing whether there was sufficient evidence to support a conviction, [appellate courts] resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." (internal quotation marks and citation omitted)); *State v. Brown*, 1984-NMSC-014,

4

¶ 12, 100 N.M. 726, 676 P.2d 253 ("A material fact may be proven by inference."); *State v. Stefani*, 2006-NMCA-073, ¶ 39, 139 N.M. 719, 137 P.3d 659 (stating that a jury is free to draw inferences from the facts necessary to support a conviction).

**{5}**     Accordingly, for the reasons stated above, as well as those provided in our second notice of proposed disposition, we affirm.

**{6}**     **IT IS SO ORDERED.**

 

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**JULIE J. VARGAS, Judge**