905 P.2d 715

STATE of New Mexico,
Plaintiff–Appellee,

v.

Felix Steven MARTINEZ,
Defendant–Appellant.

No. 22915.

Supreme Court of New Mexico.

Oct. 10, 1995.

Sammy J. Quintana, Chief Public Defender, Christopher Bulman, Assistant Appellate Defender, Santa Fe, for Appellant.

Tom Udall, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Appellee.

## OPINION

RANSOM, Justice.

1. Felix Steven Martinez was charged with attempted murder under NMSA 1978, Section 30–28–1 (Repl.Pamp.1994), and aggravated battery under NMSA 1978, Section 30–3–5 (Repl.Pamp.1994). A jury was unable to reach a verdict on the attempted-murder charge but convicted Martinez of aggravated battery. He appealed his conviction to the Court of Appeals. That Court proposed to reverse the conviction because the trial court had allowed inadmissible testimony to be used against Martinez. The Court of Ap-

peals certified the case to us, however, pursuant to NMSA 1978, Section 34–5–14(C) (Repl.Pamp.1990), to answer whether the State may retry Martinez for attempted murder. For the reasons stated by the Court of Appeals in its certification to this Court, we reverse Defendant's conviction of aggravated battery and remand for a new trial. We also hold that the State may retry Martinez for attempted murder.

2. Martinez argues that aggravated battery is a lesser included offense of attempted murder and that the State consequently cannot retry him for attempted murder. Martinez first relies upon NMSA 1978, Section 30–1–10 (Repl.Pamp.1994), which states: "When the indictment, information or complaint charges different crimes or different degrees of the same crime and a new trial is granted the accused, he may not again be tried for a crime or degree of the crime greater than the one of which he was originally convicted." Martinez also asserts that his retrial for attempted murder would violate the Double Jeopardy Clauses of the United States and New Mexico Constitutions. U.S. Const. amends. V, XIV; N.M. Const. art. II, § 15. He cites for support *Brown v. Ohio*, 432 U.S. 161, 168–69, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977), which holds that ·conviction and sentencing on a lesser included offense precludes a subsequent prosecution of a greater offense.

■ 3. Section 30–1–10 does not apply to this case. That Section precludes retrial of a greater offense only after an acquittal of that offense. *See State v. Sneed*, 78 N.M. 615, 617, 435 P.2d 768, 770 (1967) (indicating that prohibition in NMSA 1953, Section 40A–1–10 (1961) (now codified as Section 30–1–10) applies only to case in which defendant is *acquitted* of crime). We do not construe Section 30–1–10 to address the situation in which the state prosecutes various crimes or degrees of crimes and the jury returns a verdict on less than all of the crimes charged.

■ 4. The Fifth Amendment to the United States Constitution and Article II, Section 15 of the New Mexico Constitution each contain a clause providing that no person shall be twice put in jeopardy for the same offense. These clauses protect a defendant from a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and from multiple punishments for the same offense. *Swafford v. State*, 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991). Unlike *Brown*, we are not here faced with successive prosecutions. The charges of attempted murder and aggravated battery were prosecuted in the same trial, and no verdict has been entered on the attempted murder charge. It is well established in New Mexico that double jeopardy principles are not implicated when a defendant is brought to trial a second time following a mistrial in which the jury could not reach a verdict on a particular count. *O'Kelly v. State*, 94 N.M. 74, 76, 607 P.2d 612, 614 (1980). The second trial is considered a continuation of the first, and the defendant is thus placed in jeopardy only once. *State v. Spillmon*, 89 N.M. 406, 407, 553 P.2d 686, 687 (1976); *cf. Ohio v. Johnson*, 467 U.S. 493, 501, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984) (holding that double jeopardy principles did not bar prosecution from pursuing charges of murder and aggravated robbery against defendant who had pleaded guilty to charges of involuntary manslaughter and grand theft when all four charges had been brought in a single indictment). Therefore, *Brown* is not dispositive.

5. Also not dispositive is *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), in which the Court considered whether, consistent with the Double Jeopardy Clause, a defendant could be retried for first degree murder when at his first trial a jury had returned a guilty verdict on a charge of second degree murder but had returned no verdict on the alternative charge of first degree murder. *Id.* at 185–86, 78 S.Ct. at 222–23. The jury had been instructed that it could find the defendant guilty of either first degree or second degree murder, and without comment it returned a guilty verdict only on second degree murder. *Id.* at 190–91, 224–25. The *Green* Court held that principles of double jeopardy barred reprosecution of the first degree murder charge, reasoning that the jury's verdict had to be regarded as an implicit acquittal on the first degree murder charge. *Id.*

■ 6. Similarly, in *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), the Court considered whether a defendant could be retried for murder after an earlier guilty verdict on the lesser included offense of voluntary manslaughter had been set aside on the defendant's appeal of an improper jury instruction. *Id.* at 324, 90 S.Ct. at 1758. As in *Green,* the jury's verdict in *Price* made no reference to the greater offense. Based on its earlier reasoning in *Green,* the *Price* Court concluded that because the jury's verdict in the first trial was limited to the lesser included offense, the defendant had been "implicitly acquitted" of murder and could not be retried for that offense. *Id.* at 327–29, 90 S.Ct. at 1759–61.

7. There was no suggestion in either *Green* or *Price* that the jury was unable to reach a verdict on the greater offense. In this case the record shows that the jury was unable to reach a unanimous verdict on the attempted murder charge and in fact sent three separate notes to the trial court stating that it could agree only on the aggravated battery charge.

■ 8. At the request of defense counsel, the trial court determined it would better serve the interests of justice to accept the verdict on the lesser included offense and declare a mistrial on the greater offense. Long established U.S. Supreme Court precedents hold that a defendant's motion for or consent to a mistrial generally forecloses any claim of double jeopardy. *See, e.g., United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971) (plurality opinion); *Oregon v. Kennedy,* 456 U.S. 667, 683, 102 S.Ct. 2083, 2093, 72 L.Ed.2d 416 (1982) (Stevens, J., concurring). Further, even when a mistrial is ordered over defendant's objection, reprosecution is not barred in cases of "manifest necessity." *See, e.g., Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978); *United States v. Dinitz,* 424 U.S. 600, 607, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976); *Illinois v. Somerville,* 410 U.S. 458, 463, 93 S.Ct. 1066, 1069, 35 L.Ed.2d 425 (1973); *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824) (court discharged deadlocked jury over defendant's objection).

■ 9. In *State v. O'Kelley,* 113 N.M. 25, 822 P.2d 122 (Ct.App.), *cert. quashed,* 113 N.M. 24, 822 P.2d 121 (1991), our Court of Appeals considered whether the Double Jeopardy Clause precluded retrial of a vehicular homicide charge following a trial in which the jury could not reach a verdict on that charge but convicted the defendant on a lesser degree of the charge (driving while intoxicated). The Court held that the State is entitled to a determination of "the *highest* level of an offense at which the jury has been unable to agree," and it can seek reprosecution "at that and any lesser level." *Id.* 113 N.M. at 28, 822 P.2d at 125. The only situation in which reprosecution would not be allowed is when the jury acquits the defendant on the lesser charge. If that were to happen, the defendant could not be retried. *Id.* This Court expressed a similar principle in *State v. Alingog,* 117 N.M. 756, 877 P.2d 562 (1994). In *Alingog* we suggested that the prosecution may seek a verdict on a greater charge after accepting a plea to a lesser charge. *Id.* at 760, 877 P.2d at 566. We stated that double jeopardy principles do not apply "in the single prosecution of multiple counts involving the same offense." *Id.*

■ 10. The State is entitled to a verdict on all charges presented in the same prosecution, including a new trial resulting from the jury's inability to reach a verdict in the first proceeding. This is true, absent an implied acquittal, even when the jury convicts the defendant of an offense that might have been charged as a lesser included offense but was not. Martinez argues that the jury *might* have been instructed on aggravated battery as a lesser included offense, *see State v. DeMary,* 99 N.M. 177, 655 P.2d 1021 (1982), and that he thus is entitled to the benefit of the implied acquittal doctrine. In effect, Martinez asks us to treat the jury's verdict as if the trial court had instructed that the jury could convict only of the greater or lesser offense. Here, however, the offenses of attempted murder and aggravated battery were in separate counts in the indictment, and the judge did not instruct the jury that it could convict on only one offense. Under these facts, the implied acquittal doctrine does not apply.

**680**

11. We need not decide whether aggravated battery is subsumed within the crime of attempted murder when the conduct is unitary. Resolution of this appeal requires only that we determine there is no basis for application of the implied acquittal doctrine. It may well be that aggravated battery is not subsumed within attempted murder and that Martinez could be punished for both offenses despite unitary conduct. This is because the offenses of aggravated battery and attempted murder each include at least one statutory element not included within the other. Aggravated battery requires an unlawful touching or application of force; attempted murder does not. Likewise, attempted murder requires both a specific intent to commit murder and an overt act in furtherance thereof, neither of which are statutory elements of aggravated battery. *Compare* § 30–28–1 *with* § 30–3–5. A presumption thus arises that the legislature intended to permit multiple punishments for unitary conduct that violates both of these statutes. *See Swafford,* 112 N.M. at 8, 14, 810 P.2d at 1228, 1234.

12. We conclude that the jury's inability to return a verdict is not an "implicit acquittal" of Martinez, and jeopardy did not come to an end with the completion of the first trial. Therefore, because the jury was unable to reach a unanimous verdict, the State is not barred from pursuing an attempted murder charge on remand.

13. IT IS SO ORDERED.

BACA, C.J., and MINZNER, J., concur.