**Certiorari Denied, June 25, 2010, No. 32,424**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-070**

**Filing Date:    May 6, 2010**

**Docket No. 29,291**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

**v.**

**CARL A. BOWDEN,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James W. Counts, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

**{1}**    Defendant Carl A. Bowden appeals from his convictions of driving under the influence of intoxicating liquor and/or drugs (fourth offense) and other motor vehicle violations. Although the district court's judgment and sentence states that Defendant was convicted under NMSA 1978, Section 66-8-102(A) (2008), Defendant was actually convicted by the jury under Section 66-8-102(C)(1), based on the theory that Defendant

1

drove with an alcohol concentration of eight one hundredths or more. Defendant contends on appeal that the district court erred (1) in admitting the results of his blood test in violation of Regulation 7.33.2.12(A)(2) NMAC, a regulation of the Scientific Laboratory Division of the Department of Health (the SLD regulation) that requires blood to be drawn within two hours of arrest; and (2) by allowing testimony that Defendant did not satisfactorily complete field sobriety tests when the tests were invalid because of Defendant's gout. We conclude, as to the first issue, that NMSA 1978, Section 66-8-110(E) (2007), permitting tests administered under the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2007), more than three hours after a person was driving a vehicle, supercedes the regulation, and as to the second issue, that the district court did not abuse its discretion in allowing the testimony. We therefore affirm.

**BACKGROUND**

**{2}** Officer Lawrence Chavez of the Village of Ruidoso police department stopped Defendant for driving with a non-operational tail lamp. When Officer Chavez approached Defendant, he detected an overwhelming odor of alcohol and requested Defendant to submit to field sobriety tests. He asked if Defendant had any physical injuries or medical conditions that would impair Defendant's performance on the field sobriety tests, and Defendant stated that he had gout in his feet. Officer Chavez conducted the field sobriety tests, on which Officer Chavez testified Defendant performed poorly.

**{3}** Officer Chavez arrested Defendant and read him the Implied Consent Act. Defendant refused to submit to breath testing and was transported to the Ruidoso police department. Officer Chavez obtained a search warrant from the magistrate judge to obtain a blood draw, and two blood samples obtained from Defendant indicated that his blood alcohol content was .21 grams per 100 milliliters of blood.

**CONFLICT BETWEEN THE SLD REGULATION AND SECTION 66-8-110(E)**

**{4}** Defendant was arrested at approximately 11:30 p.m. on April 28, 2008, and his blood was drawn at 2:10 a.m. on April 29, 2008. Defendant argues on appeal, as he did to the district court, that the SLD regulation, which concerns the collection of blood samples, precluded the district court from receiving in evidence blood sample tests that were made more than two hours after arrest. The SLD regulation states that "initial blood samples should be collected within two hours of arrest." 7.33.2.12(A)(2) NMAC.

**{5}** New Mexico's driving under the influence of intoxicating liquor and/or drugs (DWI) laws permit the receipt in evidence of the results of tests "performed pursuant to the Implied Consent Act." *State v. Dedman*, 2004-NMSC-037, ¶ 4, 136 N.M. 561, 102 P.3d 628, *overruled on other grounds by State v. Bullcoming*, 2010-NMSC-007, ¶¶ 1, 18, 147 N.M. 487, 226 P.3d 1. Test results have particular significance when the charges are, as here, under Section 66-8-102(C)(1), which criminalizes driving a vehicle with "an alcohol concentration of eight one hundredths or more in the person's blood or breath within three

hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle." *See City of Lovington v. Tyson*, 1996-NMCA-068, ¶ 9, 122 N.M. 49, 920 P.2d 119 (stating that "[a]ny reading or result [from an intoxilyzer machine or a blood test] higher than .08, or eight hundredths, will result in a violation of Section 66-8-102(C)").

**{6}**     Tests performed under the Implied Consent Act must be approved by the SLD. Section 66-8-107. In *Dedman*, our Supreme Court held that results of tests performed under the Implied Consent Act may meet foundational requirements for receipt in evidence even though they do not fully comply with SLD regulations unless the regulation is intended to ensure testing accuracy. 2004-NMSC-037, ¶¶ 9, 11-13, 21. It determined that the SLD did not adopt the regulation at issue in that case calling for the use of the veni-puncture method to extract blood to ensure the accuracy of blood test results but rather because that method was the easiest to administer and the least hazardous and painful. *Id.* ¶¶ 19-20.

**{7}**     The Court in *Dedman* followed the reasoning of *State v. Gardner*, 1998-NMCA-160, 126 N.M. 125, 967 P.2d 465, and *State v. Onsurez*, 2002-NMCA-082, 132 N.M. 485, 51 P.3d 528, in which this Court held that SLD regulations concerning the procedure for administering breath alcohol tests pertained to the accuracy of the tests. *Dedman*, 2004-NMSC-037, ¶¶ 10-12. In *Gardner*, the regulation required that the administering officer observe the person to be tested for twenty minutes before collecting a breath sample. 1998-NMCA-160, ¶¶ 5, 9. In *Onsurez,* the regulation required that the breathalyzer machine be certified annually with annual inspection, maintenance of adequate records, and weekly calibration checks. 2002-NMCA-082, ¶ 13. The SLD regulation in this case is more like the regulations in *Gardner* and *Onsurez* than that in *Dedman*. By limiting the time period for the testing after the arrest of a suspect, the regulation addresses the accuracy of the testing. Thus, on the basis of the SLD regulation, the test results in this case would not meet the foundational requirements to be received in evidence because the test was not performed within the two-hour period stated in the SLD regulation.

**{8}**     However, we do not view the SLD regulation in isolation. In 2007, the Legislature amended the DWI laws to add Section 66-8-110(E), which reads:

> If the test performed pursuant to the Implied Consent Act is administered more than three hours after the person was driving a vehicle, the test result may be introduced as evidence of the alcohol concentration in the person's blood or breath at the time of the test and the trier of fact shall determine what weight to give the test result for the purpose of determining a violation of Section 66-8-102.

**{9}**     The district court admitted the blood test results, concluding that Section 66-8-110(E) superceded the SLD regulation. Defendant argues that the district court abused its discretion in admitting the test results because it misinterpreted the statute and the SLD regulation. Although we review a district court's evidentiary ruling for abuse of discretion, a court may

abuse its discretion if it misapplies the law. *State v. Pacheco*, 2008-NMCA-131, ¶ 34, 145 N.M. 40, 193 P.3d 587. We review the court's application of the law under a de novo standard. *State v. Sewell*, 2009-NMSC-033, ¶ 12, 146 N.M. 428, 211 P.3d 885. We thus analyze de novo the district court's interpretation of the statute and the regulation.

**{10}** In the event of a conflict or inconsistency between a statute and a regulation, we interpret the statute to take precedence. *Jones v. Employment Servs. Div.*, 95 N.M. 97, 99, 619 P.2d 542, 544 (1980); *Pickett Ranch, LLC v. Curry*, 2006-NMCA-082, ¶ 10, 140 N.M. 49, 139 P.3d 209. In this case, we perceive a conflict or inconsistency between the statute and the SLD regulation both in approach and result. Both the statute and the SLD regulation address the issue of the accuracy or reliability of results of tests that are administered after time elapses between a person's driving or arrest and the test. The SLD regulation, by requiring the blood sample to be collected within two hours of arrest, takes the approach that the results of tests administered after a two-hour delay from arrest may not be accurate. On the basis of *Dedman*, such delayed test results would not be allowed as evidence. 2004-NMSC-037, ¶¶ 9, 13.

**{11}** Section 66-8-110(E) addresses the issue of delay in another way. It permits test results to be received in evidence regardless of the time period in which the test was administered, but rather than allowing results of tests taken more than three hours after the person was driving to create a presumption of a violation of Section 66-8-102 based on a particular blood or breath alcohol concentration level, it gives the trier of fact the discretion to determine whether there is a violation. Section 66-8-110(E); *see also State v. Day*, 2008-NMSC-007, ¶ 27, 143 N.M. 359, 176 P.3d 1091 (discussing the newly enacted legislation that "specified an outer time limit for a [Blood Alcohol Content (BAC)] test taken after driving to prove a defendant's BAC at the time of driving, as required by [the] per se DWI statute"), *cert. quashed*, 2009-NMCERT-005, 146 N.M. 728, 214 P.3d 793. This difference in approach gives rise to a difference in result. Whereas the statute would allow the test results in this case to be introduced in evidence without limitation, the SLD regulation would exclude them.

**{12}** Defendant argues that the statute and regulation are consistent because the statute "negates the per se presumption" and the SLD regulation "establishes the scientific basis for a reliable blood test." While we agree with Defendant's statements, they disregard the consequences of the differing approaches discussed above. By approaching the issue in a different manner, the statute and the SLD regulation reach different results and are therefore inconsistent. Moreover, the Legislature has made a substantive deviation from the SLD regulation by selecting a three-hour time period after driving as opposed to the two-hour period after arrest in the SLD regulations. Due to this legislative choice, as demonstrated by this case, there can be inconsistent results. We thus apply the general rule that a statute prevails over an inconsistent regulation. *Jones*, 95 N.M. at 99, 619 P.2d at 544; *Pickett Ranch, LLC*, 2006-NMCA-082, ¶ 10.

**TESTIMONY REGARDING FIELD SOBRIETY TESTS**

4

**{13}** Defendant argues that the district court erred in allowing Officer Chavez to testify concerning Defendant's performance on the field sobriety tests that Officer Chavez administered after stopping Defendant. Because Defendant contests the district court's evidentiary ruling, we review this issue for abuse of the district court's discretion. *Pacheco*, 2008-NMCA-131, ¶ 34. The district court does not abuse its discretion unless its ruling "is clearly against the logic and effect of the facts and circumstances of the case." *State v. Riordan*, 2009-NMSC-022, ¶ 6, 146 N.M. 281, 209 P.3d 773 (internal quotation marks and citation omitted).

**{14}** Officer Chavez testified that he asked Defendant if he would perform field sobriety tests and if Defendant had any physical injury or medical condition that would impair his ability to perform the tests. Defendant stated that he had gout in his feet, but he did not tell Officer Chavez that he could not perform the tests. At trial, Defendant testified that he suffered from gout and that his feet were sore from playing golf earlier in the day.

**{15}** Even though Officer Chavez admitted that people with foot problems have difficulty performing the field sobriety tests, evidence was inconclusive as to the potential effect of Defendant's gout on his ability to perform the tests. The district court acted within its discretion in admitting the testimony and permitting the jury to determine its probative value.

**CONCLUSION**

**{16}** We affirm Defendant's convictions.

**{17}** **IT IS SO ORDERED**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**

**Topic Index for *State v. Bowden*, Docket No. 29,291**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-LI | Legislative Intent |
| AL-RU | Rules |
| | |
| **CL** | **CRIMINAL LAW** |

CL-DG    Driving While Intoxicated

**CA**     **CRIMINAL PROCEDURE**
CA-IC    Implied Consent

**EV**     **EVIDENCE**
EV-BT    Blood/Breath Tests

**ST**     **STATUTES**
ST-IP    Interpretation