This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **No. 33,173**

**IN THE MATTER OF BENJAMIN H.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Trujillo Dodd, Torres, O'Brien, Sanchez, LLC
Donna Trujillo Dodd
Cody O'Brien
Albuquerque, NM

William J. Cooley
Albuquerque, NM

L. Helen Bennet

Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Child appeals from the Children's Court's order allowing the State to introduce an audio recording of statements that Child made to a 911 operator when he was ten years old. Child argues that NMSA 1978, Sections 32A-2-14(D), (F) (2009) bar admission of these statements. Because we agree that Section 32A-2-14(F) bars admission of Child's statements, we need not consider whether Section 32A-2-14(D) also prohibits admission of the statements. We reverse the order allowing admission of Child's statements to the 911 operator and remand the case to the Children's Court for further proceedings consistent with this opinion.

**BACKGROUND**

{2}     When Child was ten years old he called 911. He told the 911 operator that he had "shot [his father] in the back of his head" and that he had "got[ten] so angry at hi[s father]." Child's father died from a gunshot wound. The State filed a delinquency petition alleging that Child had committed first degree murder.

{3}     The State filed a motion asking the Children's Court to allow it to introduce the recording of Child's 911 call as "substantive evidence." It argued that Section 32A-2-

14(F) did not apply to bar the statements that Child made to the 911 operator because those statements were "nontestimonial." The district court granted the State's motion over Child's opposition. Child also filed a motion to reconsider. In denying the reconsideration motion, the court certified the issue for interlocutory appeal.

{4}     On appeal, the State abandons the "nontestimonial" argument that it made in the Children's Court. It concedes that Section 32A-2-14(F) applies to bar the kind of statements that Child made to the 911 operator, and it makes a new argument. In this new argument, the State recognizes that Section 32A-2-14(F) prevents it from introducing Child's 911 statements "on the allegations of the petition."  But it urges us to interpret the phrase, "*on* the allegations of the petition" to only mean, "*to prove* the allegations of the petition." (Emphasis added.) Interpreted this way, the State's argument continues, the statements are admissible to rebut Child's incapacity defense because the State's burden to prove Child's capacity is separate from its burden "to prove the allegations of the petition."

**DISCUSSION**

**Standard of Review**

{5}     We review the Children's Court's evidentiary rulings for an abuse of discretion. *In re Esperanza M.*, 1998-NMCA-039, ¶ 7, 124 N.M. 735, 955 P.2d 204. A court abuses its discretion when it misapplies the law. *State v. Bowden*, 2010-NMCA-070,

¶ 9, 148 N.M. 850, 242 P.3d 417. We review a court's interpretation of statutes and application of the law de novo. *Id.*

**Statutory Interpretation Rules**

{6} "When interpreting statutes, our responsibility is to search for and give effect to the intent of the [L]egislature." *Cummings v. X-Ray Assoc. of N.M., P.C.*, 1996-NMSC-035, ¶ 44, 121 N.M. 821, 918 P.2d 1321. In determining legislative intent, we look "primarily [to] the language of the statute[.]" *Id.* We consider the "plain meaning of the words at issue, often using the dictionary for guidance." *State v. Boyse*, 2013-NMSC-024, ¶ 9, 303 P.3d 830. And where "the language of a statute is not ambiguous, the literal meaning of the words must be applied." *Kern By and Through Kern v. St. Joseph Hosp. Inc.*, 1985-NMSC-031, ¶ 8, 102 N.M. 452, 697 P.2d 135.

**Section 32A-2-14(F)**

{7} Section 32A-2-14 sets forth a child's "[b]asic rights" in a delinquency proceeding. Section 32A-2-14(F) provides, in pertinent part:

> Notwithstanding any other provision to the contrary, no confessions, statements or admissions may be introduced against a child under the age of thirteen years on the allegations of the petition.

{8} Our Supreme Court has established that Section 32A-2-14(F) "provides *complete* protection to children under thirteen, leaving *no avenue* for the State to introduce confessions, statements, or admissions of individuals under thirteen

4

regardless of the context in which, or to whom, they were made." *State v. Jade G.*, 2007-NMSC-010, ¶¶ 16-17, 141 N.M. 284, 154 P.3d 659 (emphasis added) (further concluding that Section 32A-2-14(F)'s language "operates to eliminate any doubt regarding the *totality* of the ban on admission of confessions, statements, or admissions of children under thirteen" and that "the Legislature *did not include any exception* to this clear exclusionary provision" (emphasis added)).

**Analysis**

{9}     We do not address arguments made for the first time on appeal unless they involve "jurisdictional questions" or issues involving "general public interest" or "fundamental rights of a party." *See* Rule 12-216 (B) NMRA. Even assuming that the State's new argument involves one of these exceptional grounds that allow review, we are not persuaded by it.

{10}     The plain and literal meaning of the word, "on," in the context of the statutory language, "on the allegations of the petition," is not ambiguous. *Webster's Third New Int'l Dictionary* 1574-75 (1986) (utilizing defining terminology including "the basis on which something turns or rests," "the object of some emotion or formality or obligation," and "with regard to: with reference or relation to: ABOUT"); *see Kern By and Through Kern*, 1985-NMSC-031, ¶ 8. Although the dictionary contains multiple entries for "on," none of them define it to mean, "to prove." *See Webster's*

5

1574-75. The terminology that we hold to be the most appropriate in this context for defining "on" would be "with regard to: with reference or relation to: [about]." *Id.* Thus, we interpret Section 32A-2-14(F) to mean that a young child's statements may not be introduced against him or her "with regard to," "with reference or relation to," or "about" the allegations of the delinquency petition. *See Webster's* 1574-75; *see also Boyse*, 2013-NMSC-024, ¶ 9.

{11}    Applying this interpretation, we conclude that, as a matter of law, the State's desire to introduce Child's 911 statements to address his capacity to commit first degree murder, is "with regard to," in "relation to," or "about" the allegations of the delinquency petition and whether Child committed first degree murder. Thus, Section 32A-2-14(F) bars the State from introducing the 911 statements in the delinquency proceedings. Our conclusion is also consistent with our Supreme Court's determination that Section 32A-2-14(F) is a "clear exclusionary provision[]" that provides "complete protection" for children under thirteen, with "no avenue" for the State to introduce their statements. *See Jade G.*, 2007-NMSC-010, ¶¶ 16-17.

**CONCLUSION**

{12}    We reverse the order granting the State's motion to admit Child's statements to the 911 operator and remand for further proceedings consistent with this opinion.

{13}    **IT IS SO ORDERED.**

                              _____

                              **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**