This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. A-1-CA-36938**

**NORMA CANDIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant Norma Candia appeals from the district court's judgment and sentence, convicting her for fourth offense DWI. Unpersuaded by the docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded. We affirm.

**{2}** On appeal, Defendant maintains that the district court erred by admitting her blood test results under the Scientific Laboratory Division (SLD) regulations because there was an unexplained, six-month delay between the blood draw and the samples arriving at SLD. [DS 3; MIO 2-4] Defendant also argues the district court erred by permitting an SLD analyst to testify as a lay witness. [DS 3; MIO 5-9]

**Admission of Blood Test Results**

**{3}** Our notice proposed to affirm the admission of the blood test results despite the six-month delay in testing, because there is no time requirement in the SLD regulation for the *delivery* of blood samples to SLD, as opposed to the time requirement in the *collection* of blood samples, which the regulations expressly state should be done within three hours of arrest. *Compare* NMAC 7.33.2.15(A)(4), *with* NMAC 7.33.2.15(A)(2). We refused to read into the regulation some time requirement and hold that the unidentified time requirement is an accuracy-ensuring regulation. *See State v. Tom*, 2010-NMCA-062, ¶ 12, 148 N.M. 348, 236 P.3d 660 ("Compliance with

2

accuracy-ensuring regulations of the [SLD] is a condition precedent to admission of [blood alcohol test] results."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. Without an express time requirement, we proposed to hold that Defendant failed to show non-compliance with an accuracy-ensuring regulation that would render the results unreliable and warrant exclusion. *See State v. Bowden*, 2010-NMCA-070, ¶ 7, 148 N.M. 850, 242 P.3d 417 ("By limiting the time period for the testing after the arrest of a suspect, the regulation addresses the accuracy of the testing.").

{4}     In response, Defendant contends that it should be clear that the regulation requires the sample to be delivered to the lab within a reasonable time, and that six months is not a reasonable time. [MIO 3] In arguing that six months is not a reasonable time, Defendant relies on a 1983 article from a medical journal. [MIO 4] There is no indication, however, that Defendant challenged admission of the blood tests results based on this article in district court to demonstrate the unreliability of the test results. As we stated in our notice, in the absence of a regulation-based, foundational reason for exclusion, it is incumbent upon Defendant to demonstrate the unreliability of the test results under Rule 11-104(A) NMRA. *See State v. Anaya*, 2012-NMCA-094, ¶ 20, 287 P.3d 956 (observing that the admissibility of breath tests depends on the circumstances surrounding each test and compliance with the SLD

3

regulations and that the State need not prove scientific reliability of the test in its prima facie case); *State v. Martinez*, 2007-NMSC-025, ¶¶ 19, 21, 24, 141 N.M. 713, 160 P.3d 894 (observing that once the State has met the foundational requirements for admitting a blood alcohol report, the defendant has the burden to show by a preponderance of the evidence that the report should be excluded for lack of trustworthiness under Rule 11-104(A)). Defendant gives us no indication that she presented any evidence to suggest that her blood results were less reliable as a result of the delay. Therefore, we hold that Defendant did not demonstrate that the district court erred by denying exclusion of her blood test results.

**Admission of the SLD Analyst's Testimony**

{5}     We expressed confusion about Defendant's complaints surrounding the SLD analyst's testimony, [DS 3] and stated that we understood the issue to contend that because the State did not designate the SLD analyst as an expert witness, the district court ruled that it could not call the SLD analyst as an expert; thus, it was error for the district court to permit the SLD analyst to introduce the blood test results because it required specialized knowledge. Our notice sought to examine the district court's ruling that Defendant wanted to enforce to preclude the SLD analyst from testifying, because we would affirm the district court's ultimate admission of the SLD analyst's testimony if it was right for any reason. *See State v. Astorga*, 2015-NMSC-007, ¶ 44,

343 P.3d 1245 ("The trial record does not clearly reveal the trial court's specific reason for admitting the statements, but we may uphold the judge's decision if it was right for any reason." (internal quotation marks and citation omitted)).

{6}     We explained that, based on the vague assertions in the docketing statement, the district court's ruling that the SLD analyst could not testify as an expert appeared to relate to the designation of the witness as an expert and therefore raised issues of notice and prejudice. *See, e.g.*, *State v. Lopez*, 2018-NMCA-002, ¶ 24, 410 P.3d 226 (addressing a defendant's argument that the State's witness list was insufficient under standards that examine notice, prejudice, and culpability). We further explained that Defendant did not provide us with sufficient information relevant to the district court's ruling; namely, the name of the SLD analyst who testified, whether the person identified in the State's witness list was the same SLD analyst who testified, whether the State violated any discovery order, the reasons for the discovery violation or degree of culpability by the State in the violation, and how Defendant demonstrated that she was prejudiced by any late disclosure of an SLD analyst. *See* Rule 12-208(D)(3) NMRA. Thus, Defendant did not provide us with any information that would warrant the exclusion of the SLD analyst based on the stated basis for exclusion—the State's failure to designate the witness as an expert. *See State v. Le*

*Mier*, 2017-NMSC-017, ¶ 20, 394 P.3d 959; *State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25.

{7}     We noted that Defendant did not contend that the witness was undisclosed or that the contact information for the witness was inaccurate or that the failure to designate the SLD analyst as an expert in some other way affected Defendant's ability to interview the witness or otherwise communicate with the witness, [MIO 8] which would have revealed that witness to be a designated expert. We further observed that the State's amended witness list shows that the State identified Ron-Jen Hwang as a designee from SLD in Albuquerque. [RP 42] Thus, in our view Defendant did not show that she lacked notice or was prejudiced by the failure of the State to specifically identify the SLD analyst as an expert, to the extent the State actually failed to designate the analyst as an expert. Rather, it appeared to us that at the heart of Defendant's argument was a formalistic challenge to a titling problem that did not result in prejudice, and that the district court's admission of the SLD analyst's testimony should be affirmed as right for any reason. *See Astorga*, 2015-NMSC-007, ¶ 44. The record shows that the witness was disclosed, the content of his testimony was readily discoverable, and any concerns about the content of the SLD analyst's testimony after the ruling that the analyst could not testify as an expert should have been developed and clarified in district court and then explained to us on appeal.

**{8}** In her response to our notice, Defendant does not provide us with any of the information we listed as necessary to demonstrate error. Instead, Defendant asserts that based on the information in the docketing statement, the district court refused to qualify the analyst as an expert because the State had not disclosed any experts. [MIO 8] Defendant's continued reliance on the information in the docketing statement without supplying the additional information we stated that we needed does not demonstrate error. Defendant's memorandum in opposition simply maintains that the SLD analyst should not have been permitted to testify to the lab test results as a lay witness and that it was not harmless because Defendant was convicted based on her blood-alcohol content. [MIO 5-9] This is not responsive to our notice and does not demonstrate error in admitting the testimony.

**{9}** For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

**{10}** **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

7

**JULIE J. VARGAS, Judge**

_____

**HENRY M. BOHNHOFF, Judge**