This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-37107**

**ADRIAN TOMASIYO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Adrian Tomasiyo, appeals his conviction for driving while under the influence of intoxicating liquor (DWI). We issued a notice of proposed summary

disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We have considered Defendant's arguments, but remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

{2}     In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to convict him of DWI. [MIO 3-7] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the factfinder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

{3}     We have already set out the relevant facts in our notice of proposed summary disposition. Therefore, we will avoid unnecessary repetition here and instead focus on the content of the memorandum in opposition. Defendant first argues that the State failed to introduce a video recording of his encounter with police including the field sobriety tests (FSTs). [MIO 5] Defendant argues that this evidence would have

provided the best evidence of the traffic stop and FSTs, and that in the absence of a video recording, he could not challenge the propriety of the FSTs. [MIO 5]. Defendant contends that the surfaces on which he was asked to perform the FSTs were unstable, and therefore, reliable results could not be obtained. [MIO 2] Finally, Defendant notes that officers are required by statute to record such encounters. *See* NMSA 1978, § 29-1-16 (2006) (requiring law enforcement to electronically record custodial interrogations when reasonably able to do so).

**{4}** We first note that Defendant did not raise any issue as to the applicability or effect of Section 29-1-16 to this case before the district court. Nor did Defendant preserve an argument that the FST results were inadmissible because they were not performed properly. *See State v. Granillo-Macias*, 2008-NMCA-021, ¶ 11, 143 N.M. 455, 176 P.3d 1187 (refusing to consider the defendant's argument that the FSTs were not performed in compliance with national standards where the defendant did not preserve the argument in the trial court). Therefore, we therefore will not consider any such arguments on appeal. *See* Rule 12-321(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked.").

**{5}** The only issue that is properly before us in this appeal is whether the evidence was sufficient to support the conviction. We therefore view this as an argument that,

in the absence of a video recording of the FSTs, the State could not sustain a conviction for DWI. However, we disagree. Additionally, Defendant has cited to no authority to support such a proposition. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (noting that the appellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists).

{6}     Defendant also argues in his memorandum in opposition that the arresting officer failed to ask whether he had any "medical conditions" that would interfere with his performance on the FSTs and only asked whether he had any "injuries" that would interfere with his performance. [MIO 6-7] To the extent Defendant argues that this rendered the results of the FSTs inadmissible at trial, this argument was not preserved below. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)). We therefore do not consider this argument. *See State v. Onsurez*, 2002-NMCA-082, ¶ 14, 132 N.M. 485, 51 P.3d 528 ("We do not reach issues on which the district court had insufficient opportunity to rule.").

4

{7} Additionally, as we explained in our notice of proposed summary disposition, any issues related to Defendant's physical ability to perform on the FSTs were merely factors for the jury to weigh against the conflicting evidence of guilt. *See generally State v. Bowden*, 2010-NMCA-070, ¶ 13-15, 148 N.M. 850, 242 P.3d 417 (illustrating the admissibility of evidence of poor performance of field sobriety tests, notwithstanding the driver's claim that physical condition impaired his ability to perform the tests); *see also In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts."). On appeal, we do not "reweigh the evidence or substitute our judgment for that of the jury." *State v. Trujillo*, 2002-NMSC-005, ¶ 28, 131 N.M. 709, 42 P.3d 814; *see also State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the role of the factfinder to judge the credibility of witnesses and determine the weight of evidence.").

{8} Accordingly, for the reasons set out above and those stated in our notice of proposed summary disposition, we affirm the district court.

{9} **IT IS SO ORDERED**.

 

                                  _____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**DANIEL J. GALLEGOS, Judge**